UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL S. LOWE, | ) | |
|       Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1979-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

## ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on a Motion for Relief pursuant to 28 U.S.C. § 2255 filed by Petitioner Michael S. Lowe ("Mr. Lowe"). For the reasons explained in this Entry, the motion is **DENIED** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. BACKGROUND

On November 28, 2012, Mr. Lowe was charged in an Information with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) in 1:12-cr-00195-TWP-DKL-1. On that same date, Mr. Lowe filed a petition to enter a plea of guilty and a plea agreement pursuant to Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure.* On April 4, 2013, the Court conducted a hearing on Mr. Lowe's petition to enter a plea of guilty. At the change of plea hearing, the Court advised Mr. Lowe of his rights and heard the factual basis for the plea of guilty. The Court determined that the plea was voluntarily and knowingly made. The Court accepted Mr. Lowe's plea of guilty and adjudged him guilty as charged.  A sentencing hearing was held on the same day. The Court sentenced Mr. Lowe to a term of 51 months in prison, to be followed by a lifetime of supervised release. Judgment was entered on the docket on April 8, 2013. Complying

with the terms of the plea agreement, Mr. Lowe did not appeal his conviction or sentence. On December 13, 2013, Mr. Lowe filed his motion for relief pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Lowe brings the following claims: 1) this Court lacked jurisdiction; 2) his counsel was ineffective for failing to argue that the Guideline he was sentenced under was flawed; 3) his lifetime term of supervised release was a second punishment and constituted double jeopardy; and 4) the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. 16901, *et seq.,* is unconstitutional. In response, the United States asserts that Mr. Lowe has waived most of his arguments and that his counsel was not ineffective.

### A. Waiver

The United States argues that Mr. Lowe's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement. Mr. Lowe faced a maximum sentence of 120 months. Counsel negotiated a plea agreement in which the parties jointly recommended a sentence of 51 months. Plea Agreement ¶7. The parties also jointly recommended a lifetime term of supervised release. Plea Agreement ¶8. In exchange for the concessions made by the government, Mr. Lowe "expressly waives the right to appeal the conviction and sentence imposed in this case on any ground, . . . [and] expressly agrees not to contest the conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255," as long as the Court accepted the Rule 11(c)(1)(B) plea agreement and sentenced Mr. Lowe to a term of imprisonment up to the statutory maximum of 120 months. Plea Agreement ¶13.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* Mr. Lowe challenges his sentence and the manner in which it was determined. He argues that trial counsel was ineffective for failing to challenge his sentence.

Mr. Lowe has not argued, much less shown, that his plea agreement was not knowingly and voluntarily made. He argues that the very terms of the plea agreement demonstrate ineffective assistance of counsel, however, as discussed further below, that is not the case.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Lowe has not met that burden. Accordingly, the waiver provision is valid and will be enforced. Mr. Lowe's § 2255 motion is barred by the waiver provision of his plea agreement.

B. **Ineffective Assistance of Counsel**

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Lowe to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Strickland,* 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

Mr. Lowe first argues that the court lacked jurisdiction because his conduct did not satisfy the element of interstate commerce. In addition to being barred by the plea waiver provision, this contention is defeated by the stipulation of facts presented in support of his plea agreement. The stipulation of facts recites that Mr. Lowe used his computer to search the internet, which is a facility of interstate and foreign commerce. In addition, the computer he used was manufactured outside the state of Indiana. The Court did not lack jurisdiction over Mr. Lowe's criminal proceedings. To the extent Mr. Lowe alleges that his counsel was ineffective in this regard, such claim is meritless.

Mr. Lowe next argues that counsel was ineffective for failing to obtain a lesser sentence based on Mr. Lowe's abuse as a child. He asserts that counsel should have argued that none of the sentencing enhancements under § 2G2.2, the offense-level guideline for possession of child pornography, should have applied. Although this guideline is arguably vulnerable to the criticism that the enhancements apply in nearly every case, *see United States v. Price,* 775 F.3d 828, 841 (7th Cir. 2014), counsel negotiated a sentence 69 months lower than the statutory maximum. If the term of incarceration and of supervised release are within the range suggested by the Guidelines, they are presumed to be reasonable. *United States v. Jones,* 774 F3d 399, 404 (7th Cir. 2014). Aside from the fact that Mr. Lowe wishes he could have obtained an even lower sentence, he has not shown that counsel's performance fell below an objective standard of reasonable professional conduct.

Next, Mr. Lowe contends that imposing a lifetime of supervised release constitutes double jeopardy. This claim reflects a misunderstanding of supervised release. "[P]ost-revocation

penalties are attributed to the original conviction." *United States v. McIntosh,* 702 F.3d 381, 388 (7th Cir. 2012) (citing *United States v. Wyatt,* 102 F.3d 241, 244 (7th Cir. 1996) ("supervised release is a part of the defendant's original sentence, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release") (internal quotation omitted)). The lifetime supervised release portion of Mr. Lowe's sentence did not violate double jeopardy concerns and counsel was not ineffective on that basis.

Mr. Lowe's final claim is that Sex Offender Registration and Notification Act ("SORNA") is unconstitutional because the federal government cannot force the states to enact programs they otherwise would not enact and because SORNA violates the right to travel. As discussed above, this claim is barred by the plea waiver. Moreover, the Seventh Circuit has held that Congress did not violate separation of powers with SORNA's delegation of authority to the Attorney General to specify the applicability of the statute. *United States v. Goodwin,* 717 F.3d 511, 516 (7th Cir. 2013). The Seventh Circuit has also held that SORNA's registration requirements did not exceed Congress' authority under the Commerce Clause. *United States v. Kendrick,* 647 F.3d 732 (7th Cir. 2011); *United States v. Sanders,* 622 F.3d 779, 782-83 (7th Cir. 2010) (SORNA registration properly tracks offenders who cross state lines, bringing them within the reach of Congress' authority under the Commerce Clause); *United States v. Howell,* 557 Fed.Appx. 579, 580 (7th Cir. June 5, 2014) (unpublished) (same). Mr. Lowe's challenge to the constitutionality of SORNA is unavailing and any claim of ineffective assistance of counsel based on this argument is meritless.

### III. CONCLUSION

The foregoing circumstances show that Mr. Lowe is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **DENIED**. Judgment consistent

with this Entry shall now issue. **This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:12-cr-00195-TWP-DKL-1.**

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Mr. Lowe has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

    IT IS SO ORDERED.

Date: 3/18/2015

                                                            TANYA WALTON PRATT, JUDGE
                                                            United States District Court
                                                            Southern District of Indiana

Distribution:

Electronically registered counsel

Michael S. Lowe, 57272-018, Volunteers of America, 611 N. Capitol, Indianapolis, IN 46204

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.